## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **ASHLEY MARLER DAY, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | |
| | **CIVIL ACTION NO.:** |
| **v.** | |
| **SMARTBARGAINS, INC.; SMARTBARGAINS.COM, LP; and HIGH COUNTRY LINENS INC.;** | |
| **Defendants.** | |

## CLASS ACTION COMPLAINT

Plaintiff, Ashley Marler Day ("Plaintiff"), by her attorneys, brings this action both on her own behalf and on behalf of a class (the "Class") comprised of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, against SmartBargains, Inc., SmartBargains.com, LP (sometimes referred to herein as "SmartBargains"), and High Country Linens Inc., (sometimes referred to herein as "High Country") (collectively referred to as "Defendants"), and alleges the following upon information and belief, except as to paragraphs pertaining to Plaintiff's own actions, which are alleged upon personal knowledge:

## INTRODUCTION

1.     Plaintiff brings this action both on her own behalf and on behalf of a Class comprised of all others similarly situated to redress Defendants' numerous unfair and deceptive acts and practices designed to mislead the public into believing that their bedding and linen products are of a higher thread count and, therefore, higher quality, than they really are.

2.     As discussed in detail below, there are well-established and long-standing industry standards governing how to calculate the thread counts of woven fabrics, such as Defendants' bedding and linen products.  However, as part of a scheme to make their bedding and linen products more attractive to the consuming public, boost their sales and ultimately increase their profits, Defendants knowingly refused to follow these standards and thereby inflated the thread counts they used to market, advertise, package, sell and distribute these products.

3.     As a direct result of their unfair and deceptive scheme, Defendants have caused Plaintiff and other members of the Class to purchase more of, or pay more for, their bedding and linen products than they would have if they had known the true thread counts of those products, which has in turn caused Plaintiff and the Class millions of dollars in damages.

## PARTIES

4.     Plaintiff Ashley Marler Day is an adult resident citizen of Birmingham, Alabama. On or about September 22, 2005, Ms. Day purchased a Queen-size "Luxury 1200 TC Sateen Sheet Set," item # 30302704101201 (hereinafter, the "Sheet Set"), including a flat sheet, a fitted sheet and two standard pillowcases manufactured by High Country Linens, from the SmartBargains.com website. The bedding was advertised by SmartBargains as "Luxury 1200 thread count." However, the correct thread count for these sheets was only 468.  Plaintiff paid

$106.90 for the Sheet Set including the purchase price of about $99.95 plus shipping of approximately and applicable taxes of about $6.95.

5.      Defendant SmartBargains, Inc. is a Delaware corporation, with its principal offices in Boston, Massachusetts. SmartBargains, Inc. is licensed to do, has done and continues to do business in Massachusetts.

6.      Defendant SmartBargains.com, LP is a Delaware corporation, with its principal offices in Boston, Massachusetts. SmartBargains.com, LP is licensed to do, has done and continues to do business in Massachusetts.

7.      Defendant High Country Linens, Inc. is a New York corporation, with its principal offices located in Uniondale, New York. During the relevant period, High County did business within Massachusetts.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over this class action under 18 U.S.C. §1332(d), which under the provisions of the Class Action Fairness Act ("CAFA") explicitly provides for the original jurisdiction of the Federal Courts in any class action in which any member of the plaintiff class is a citizen of a State different from any defendant, and in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.  Plaintiff alleges that the total claims of individual Class members in this action are well in excess of $5,000,000 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. §1332(d)(2), (5).  As set forth above, at all times relevant hereto, Plaintiff was a citizen of Alabama, whereas SmartBargains, Inc. and SmartBargains.com, LP were citizens of Massachusetts and High Country Linens Inc. was a citizen of New York.  Furthermore, Plaintiff alleges that more than two-thirds of all of the members of the proposed Class in the aggregate are

citizens of a State other than Massachusetts, where this action is originally being filed, and that

the total number of members of the proposed Class is greater than 100, pursuant to 28 U.S.C.

§1332(d)(5)(B).  Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C.

§1332(d)(2)(A).

9.      Venue in this District is proper pursuant to 28 U.S.C. §1391 because

SmartBargains, Inc. and SmartBargains.com, LP reside in this District, a substantial part of the

events or omissions giving rise to the claim occurred in this District, and SmartBargains, Inc.,

SmartBargains.com, LP, and High Country Linens Inc. all conducted business within this

District during the relevant time period and are subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

**The Industry Standards for Calculating Thread Count**

10.      According to the National Textiles Association (the "NTA"), the largest trade

association representing the U.S. textile industry and its suppliers, thread count (number of

threads per square inch of fabric) is an important indicator of fabric quality used by consumers

who purchase textile bedding products, such as bed sheets, to make purchasing decisions.

According to the NTA, it is generally understood that the higher the thread count, the better the

end product.

11.      The common practice in the U.S. textile bedding industry for decades has been to

count the number of threads in both the warp (vertical) and filling (horizontal) directions.

Pursuant to common practice, yarns are counted as one yarn, regardless of whether the yarn was

a single-ply or multi-ply yarn.  (A multi-ply yarn is one yarn that has been created by twisting

two or more yarns together.)

12.     In recent years, however, some textile bedding companies have changed the way

they have determined thread count numbers to levels which multiply the thread count as

determined by the long standing, traditional way, often doubling or tripling the true thread count.

According to the NTA, this practice has also created confusion in the marketplace and has

caused consumers to compare thread counts that may have been calculated in two dramatically

different ways.

13.     Indeed, by letter dated May 23, 2005, the NTA requested a written opinion from

the Federal Trade Commission ("FTC") regarding the practice of counting plys rather than yarns.

In its request, the NTA referred the FTC to the standard for calculating thread count promulgated

by ASTM International ("ASTM"), originally known as the American Society for Testing and

Materials.  That standard, designated as D3775-O3a, the Standard Test Method for Warp End

Count and Filling Pick Count of Woven Fabric, provides that warp or vertical yarns ("ends") and

filling or horizontal yarns ("picks") are to be counted as single units regardless of whether they

are comprised of singles or plied yarns.  Specifically, Section 9.1.4 of that standard instructs as

follows:  "[c]ount individual warp yarns (ends) and filling yarns (picks) as single units regardless

of whether they are comprised of single or plied units."

14.     Based upon the ASTM standard, as well as other information provided by the

NTA regarding standard industry practices with regard to disclosing thread count, the FTC, in a

letter opinion issued to the NTA dated August 2, 2005, opined that "consumers could be

deceived or misled by the practice of stating inflated thread count, achieved by multiplying the

actual count by the number of plies within the yarn."

15.     In the opinion, the FTC further stated that "[a] possible non-deceptive way to

disclose both the thread count and the yarn ply would be to state, for example:  '300 thread

count, 2 ply yarn.'  A representation of '600 thread count' for this same product would likely

mislead consumers about the quality of the product being purchased."

16.     The practice of counting the plys that make up each thread has also been

expressly condemned by the American Textile Manufacturer's Institute ("ATMI").  Specifically,

in a letter it sent to the FTC on January 31, 2002, regarding the marketing of bed sheets and

pillowcases to consumers where extremely high yarn or thread counts are claimed, the ATMI

stated as follows:

> Labeling these products based on a count that includes each ply in plied yarns
> deceives the customer into believing that bedding products with higher counts are
> better when, in fact, they might be inferior because of the method used to
> determine the count.
>
> In many cases, these extremely high counts are achieved by counting yarns within
> a ply as individual yarns, thus dramatically increasing the number of yarns in a
> square inch of fabric.  A plied yarn is one in which two or more yarns are twisted
> together to form a single strand.
>
> ATMI believes this method of labeling products based on counting each
> individual yarn in plies to be a deceptive practice, which misleads the American
> public into making purchasing decisions to purchase items, based on false and
> misleading information.
>
> ASTM method D 3775-96 (Standard Test Method for Fabric Count of Woven
> Fabric) [a prior version of D 3775-03a] the long-accepted industry standard for
> determining count.  This method has been in use in this country for many years
> and serves as the industry's standard way to report the count of many woven
> textile fabrics, including sheeting.  It is based on the number of yarns in the warp
> direction and filling direction, regardless of ply, and has become an important
> parameter used by consumers to judge the quality of sheeting products, since the
> higher the count, the more luxurious the product.
>
> ATMI believes that any information provided to the consumer should be true and
> correct so as not to be deceptive or misleading.  We believe that plied yarns are
> properly counted as only one yarn.  For example, a fabric containing 250
> individual four ply yarns in a square inch would be described as a "250 thread
> count fabric, even though each thread or yarn contained four plies twisted
> together."  It would be false and misleading to describe this as a 1000 thread
> count product.

**Defendants' Improper Practices**

17.     High County manufactures linens and bedding primarily for sale to retailers, such as SmartBargains.

18.     SmartBargains purchased linens and bedding from High Country for resale on its website.

19.     From its headquarters in Massachusetts, SmartBargains marketed these linens and beddings from High Country Linens via the internet.

20.     Despite the well-established and long-standing industry standards for calculating thread counts set forth above, Defendants marketed, advertised, sold and distributed bedding and linen products which contained significantly fewer threads per square inch (thread count), than they represented in their marketing, advertising and/or packaging materials.

21.     By Defendants' own admission, thread count is one of the most important factors to be considered in choosing bedding and linen products and the higher the thread count the better.  Indeed, on a page of its website entitled "Tips for the Savvy Shopper - Sheet Shopping 101," SmartBargains stated as follows:

> A well made bed is one of life's greatest luxuries.  The foundation of building your bed is choosing the right sheet set*.  **Beyond just finding the right size and color, it is important to understand what goes into a quality sheet set. Selecting thread count, fibers, etc. can affect the overall look and feel of your bed.**  But follow this simple guide, and the rewards of a blissful night's sleep are yours.
>
> Here's what you need to know.
>
> **Thread Count**
> **The higher the thread count, the greater the quality.  Thread count is the number of woven threads per square inch of fabric.  Higher TCs are more resilient, and just as importantly, even softer against the skin.**  Though anything over 200 thread count (or TC) is considered to be luxury, today we offer a wide ranger of luxury thread counts.  Just choose you level of luxury! ...

(emphasis added).

22.     Some or all of the linens sold by Defendants are represented to be of a particular thread count, but when measured in accordance with the industry standards, the thread counts are actually far less than claimed.  For example, the Sheet Set that Plaintiff purchased from SmartBargains was represented to be "1200 thread count" on SmartBargains' website. Specifically, the SmartBargains website stated that "[w]oven with 1200 threads of pure cotton per square inch, these sheets and pillowcases offer the indulgent comfort you deserve." However, when measured in accordance with the industry standards set forth above, Plaintiff's Sheet Set actually has less than one half of the claimed thread count.  Defendants' representations regarding the thread counts of their bedding and linen products and their related actions are thus unfair or deceptive acts according to both the industry standards and the FTC guidelines for disclosing thread counts described above.

23.     Both SmartBargains and High Country understood the method of determining thread count by counting each ply was likely to deceive consumers and chose to employ that method anyway.  Defendants' misrepresentations regarding the thread counts of their bedding and linen products and their related actions are unfair or deceptive acts according to both the industry standards and the FTC guidelines for disclosing thread counts described above.

24.     SmartBargains and High Country have therefore engaged in, and continue to engage in, acts and practices which are unfair or deceptive, in that they misrepresent the thread count of their products and refuse to utilize the well-established and long-standing industry and FTC standards for counting threads.

25.     As a direct and proximate result of Defendants' improper conduct, Plaintiff and other members of the Class were deceived and paid more for bedding and linen products that Defendants represented as having thread counts higher than their actual thread counts.

Misrepresenting the thread counts of their bedding and linen products allowed Defendants to both achieve an unfair competitive advantage, and unjustly profit from the sale of such bedding and linen product to consumers.   By misrepresenting the thread counts of their bedding and linen products, Defendants induced Plaintiff and other members of the Class to purchase these products when they otherwise would not have purchased them, or induced them to pay more for the products than they would have if they had known the actual thread counts of the products at the time of purchase.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this nationwide class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure.  Plaintiff brings this action on behalf of herself and all members of a class (the "Class") comprised of:

> all purchasers, during the time period from January 1, 2004 and the present, of multiple-ply sheets, sheet sets, pillowcases, pillows, down comforters, mattress pads, duvets, duvet sets, bed skirts, shams, and any other linens from SmartBargains that were labeled, advertised, or sold as "plied," "multiple-ply," "multi-ply," "two-ply," "2-ply," or any other like description.  Excluded from the class are all persons who are officers, employees, agents or directors of Defendants or their subsidiaries and corporations related to Defendants by shareholdings or other means of control, as well as the Judges of this Court.

27.     Plaintiff avers that the class is so numerous that joinder of all members is impracticable.

28.     There are many common questions of law and fact involving and affecting the parties to be represented.  These common questions of law or fact predominate over any questions affecting only individual members of the Class.  Common questions include, but are not limited to, the following:

a.  Whether Defendants misrepresented the thread counts of some or all of their bedding and linen products by counting plys instead of the actual threads;

b.  Whether Defendants' practices related to their misrepresentation of the thread counts of some or all of their bedding and linen products by counting plys instead of the actual threads violated M.G.L. c. 93A §§ 2 and 9.

c.  Whether Defendants breached any applicable warranties;

d.  Whether the Class has been damaged and, if so, the extent of such damages;

e.  Whether Defendants have been unjustly enriched and, if so, the extent to which they were unjustly enriched; and

f.  Whether Defendants should be enjoined from engaging in the conduct complained of herein.

29.    Plaintiff's claims as representative of the Class are typical of the claims of the Class.  Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation as her counsel.

30.    The prosecution of individual actions by Class members would create the risk of: (1) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants; and (2) adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

31.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole by manufacturing, advertising, and selling bedding with inflated thread count numbers.

32.     Plaintiff avers that the prerequisites for class action treatment apply to this action and that questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy which is the subject of this action.  Plaintiff further states that the interests of judicial economy will be served by concentrating litigation concerning these claims in this Court, and that the management of this Class will not be difficult.

**COUNT ONE**
(Violation of M.G.L. Chapter 93A §§ 2 and 9)

33.     Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

34.     As set forth above, Defendants have engaged in unfair and deceptive acts and practices that lead the Plaintiff and the other members of the Class to purchase sheets at an artificially high price.

35.     Defendants' acts and practices were unfair and deceptive in material respects. Plaintiff and the other members of the Class, unaware of Defendants' deception, were deceived about the nature of the sheets they purchased, and overpaid for sheets of a far lesser thread count. As a result of Defendants' unfair and deceptive acts and practices, Plaintiff and the other members of the Class have been overcharged for bedding and linen products by the Defendants.

36.     For instance, and as alleged herein, during the class period, Defendants manufactured, marketed, advertised, sold and/or distributed bedding and linen products represented to have thread counts that were materially higher than their actual thread counts, as calculated in accordance with industry standards.  Defendants therefore knowingly and willfully engaged in, and continue to engage in, acts and practices which are unfair and deceptive.

37.     Further, the thread counting practices of SmartBargains and High Country were in direct contravention of the FTC's mandate on the appropriate method for determining thread count.

38.     For the above stated reasons, Defendants' conduct constitutes unfair and deceptive acts and practices within the meaning of M.G.L. c. 93A § 2 and violates M.G.L. c. 93A § 9.

39.     Plaintiff and the other members of the Class have been injured by Defendants' conduct.  As a direct and proximate result of Defendants' unfair and deceptive acts and practices, Plaintiff and the other members of the Class have suffered damages by overpaying for bedding and linen products represented to have thread counts that were higher than their actual thread counts and/or by purchasing bedding and linen products which they would not have purchased if the thread counts of such products had not been misrepresented, in amounts to be determined at trial, or if they cannot be determined, by the application of statutory damages.

40.     Plaintiff made a demand for relief, in writing, of SmartBargains and High Country at least thirty (30) days prior to filing this action, as required by M.G.L. c. 93A § 9.

41.     Based on the foregoing, Plaintiff and the other members of the Class are entitled to all remedies available pursuant to M.G.L c. 93A including, but not limited to, refunds, actual damages, or statutory damages in the amount of twenty five dollars per violation, whichever is greater, double or treble damages, attorneys' fees and other reasonable costs.

42.     Massachusetts has numerous contacts with the conduct alleged herein and a strong interest in applying M.G.L c. 93A to that conduct.  SmartBargains, who misrepresented the thread count of these sheets to the general public, has its principal place of business in Massachusetts, has done and continues to do business in Massachusetts, and made decisions

regarding the marketing, advertising and distribution of the Sheet Set in Massachusetts.  High

Country maintains internet advertising, marketing, sales and distribution operations that reach

nationwide, including into Massachusetts. At all relevant times, Defendants did business within

this district.

43.     Massachusetts' contacts to this litigation and interest in applying M.G.L. c. 93A

in this litigation outweigh any contacts other states or their laws may have.

## COUNT TWO
### (For Breach of Express Warranties)

44.     Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

45.     Defendants provided Plaintiff and other members of the class with written express

warranties regarding the thread count of their bedding and linen products.

46.     Defendants breached the express warranties, which resulted in damages to

Plaintiff and other members of the Class.

47.     Therefore, Plaintiff and the other members of the Class are entitled to actual,

incidental, and consequential damages, as a result of the Defendants' breaches.

## COUNT THREE
### (Unjust Enrichment)

48.     Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

49.     Defendants have benefited from their unlawful acts by receiving excessive

revenue derived from the sales of bedding and linen products represented to have thread counts

materially higher than their actual thread counts.  These payments have been received by

Defendants at the expense of Plaintiff and other members of the Class, under circumstances in

which it would be inequitable for Defendants to be permitted to retain the benefit.

50.      Plaintiff and other members of the Class are entitled to the establishment of a constructive trust consisting of the benefit conferred upon Defendants in the form of their excessive revenue derived from the sales of bedding and linen products represented to have thread counts materially higher than their actual thread counts from which Plaintiff and other Class members may make claims on a *pro rata* basis for restitution.

## COUNT FOUR
(For Injunctive and Declaratory Relief)

51.      Plaintiff repeats and realleges all preceding paragraphs, as if fully set forth herein.

52.      As set forth above, through the improper practices described above, Defendants have misrepresented the thread counts of their bedding and linen products sold to Plaintiff and other members of the Class.

53.      Defendants' practices described herein are unlawful and against public policy and, therefore, Defendants should be prohibited and enjoined from engaging in these practices in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray that the Court enter judgment for them and against Defendants as follows:

(a)      Certifying the Class pursuant to Rule 23 of Massachusetts Rules of Civil Procedure and M.G.L. c. 93A § 9, certifying Plaintiff as the representative of the Class, and designating Plaintiff's counsel as counsel for the Class;

(b)      Declaring that Defendants' acts and practices, as described herein, constitute unfair and deceptive acts and practices that are unlawful under of M.G.L. c. 93A §§ 2 and 9.

(c)     Awarding Plaintiff and the Class permanent injunctive relief prohibiting, restraining and enjoining Defendants from engaging in the conduct complained of herein, including, *inter alia*, manufacturing, marketing, advertising, selling and/or distributing bedding and linen products that have lower thread counts than represented;

(d)     Ordering Defendants to issue corrective advertising;

(e)     Awarding Plaintiff and the Class refunds, actual damages or statutory damages in the amount of twenty five dollars per violation, whichever is greater, refunds, double or treble damages, consequential damages, other special damages, attorneys' fees and other reasonable costs; and,

(f)     Granting any such other and further legal or equitable relief as this Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury on all claims so triable as a matter of right.

Dated:  October 8, 2010

**WHATLEY DRAKE & KALLAS, LLC**

/s/ Patrick J. Sheehan
Patrick J. Sheehan (BBO # 639320)
60 State Street, 7th Floor
Boston, MA 02109
Tel.:  617.573.5118
Fax:  617.573.5090
psheehan@wdklaw.com

Edith M. Kallas
**WHATLEY DRAKE & KALLAS, LLC**
1540 Broadway, 37th Floor
New York, NY 10036
Tel.:  212.447.7070
Fax:  212.447.7077
ekallas@wdklaw.com

W. Tucker Brown
**WHATLEY DRAKE & KALLAS, LLC**
2001 Park Place North, Suite 1000
Birmingham, AL 35203
Tel.:  205.328.9576
Fax:   205.328.9669
tbrown@wdklaw.com

G. Richard Baker
**BAKER LAW P.C.**
201 Avon Place
700 Twenty-Ninth Street South
Birmingham, AL 35233
205.714.7166
205.714.7177
richard@bakerlawpc.com